**United States District Court**
For the Northern District of California

1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT

7

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  MICHAEL GUZMAN,                          No. C 09-3991 WHA (PR)

11              Petitioner,                  **ORDER TO SHOW CAUSE**

12      v.

13  C. NOLL, Warden,

14              Respondent.
    _____/

15

16                          **INTRODUCTION**

17          Petitioner, a California prisoner currently incarcerated at the California Training

18  Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254.  He

19  has paid the filing fee.  The petition attacks denial of parole, so venue is proper in this district,

20  which is where petitioner is confined.  *See* 28 U.S.C. 2241(d) (venue proper in both district of

21  conviction and district of confinement).

22                          **STATEMENT**

23          In 1993 a jury in Los Angeles County Superior Court convicted petitioner of second

24  degree murder.  The trial court sentenced him to a term of 15 years to life in state prison.  In

25  2007, the California Board of Parole Hearings ("Board") found petitioner unsuitable for parole

26  for a second time.  Petitioner challenged this decision in unsuccessful habeas petitions filed in

27  all three levels of the California courts.

28

**DISCUSSION**

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that the Board violated his federal due process rights because there was not "some evidence" that he would be a present danger to society if released. Petitioner also claims that the California courts' rejection of his due process claim was contrary to or an unreasonable application of federal law, or it was based on an unreasonable interpretation of the facts. *See generally* 28 U.S.C. 2254(d). Petitioner's claims, when liberally construed, are sufficient to require a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the

*United States District Court*
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1  issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

2  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

3  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

4  trial record that have been transcribed previously and that are relevant to a determination of the

5  issues presented by the petition.

6        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

7  court and serving it on respondent within thirty days of the date the answer is filed.

8        3.  Respondent may file, within ninety days, a motion to dismiss on procedural grounds

9  in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules

10  Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the

11  court and serve on respondent an opposition or statement of non-opposition within thirty days

12  of the date the motion is filed, and respondent shall file with the court and serve on petitioner a

13  reply within fifteen days of the date any opposition is filed.

14        4.  Petitioner is reminded that all communications with the court must be served on

15  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must

16  keep the court informed of any change of address and must comply with the court's orders in a

17  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

18  pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772

19  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

20        **IT IS SO ORDERED.**

21

22  Dated: October __15__, 2009.    _____

23                  WILLIAM ALSUP
                UNITED STATES DISTRICT JUDGE

24

25

26

27

28  G:\PRO-SE\WHA\HC.09\GUZMAN3991.OSC.wpd

3